**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-189 (16) (JRT/JSM) |
| Plaintiff, | |
| v. | **ORDER** |
| JOHNNIE JOE LONGS, | |
| Defendant. | |

W. Anders Folk, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Brian N. Toder, **CHESTNUT & CAMBRONNE, P.A.**, 222 South Ninth Street, Suite 3700, Minneapolis, MN 55402, for defendant.

This case is now before the Court on defendant Johnnie Joe Longs' motion to dismiss his indictment, motion to reconsider this Court's order continuing his trial date, motion to reconsider the Magistrate Judge's order of detention, and motion to sever defendants. For the reasons given below, each of these motions is denied.

**ANALYSIS**

On September 6, 2007, defendant was charged with one count of conspiring to distribute and possessing with intent to distribute cocaine base and one count of conspiring to possess a firearm during and in furtherance of a drug trafficking offense. Defendant was arraigned on September 12, and on September 14 defendant was ordered detained pending trial. Defendant had been charged with battery on at least five separate

occasions, had been charged with weapons violations on five separate occasions, and served ten years in prison for drug crimes. The fact that his charges carried a maximum penalty of life in prison triggered a statutory presumption in favor of his detention, and defendant failed to rebut that presumption. *See* 18 U.S.C. § 3142(e) (standard of review).

Defendant now argues that he has not been brought to trial within 70 days of his arraignment, in violation of the Speedy Trial Act. *See* 18 U.S.C. § 3161(c); *see also United States v. Aldaco*, 477 F.3d 1008, 1016 (8th Cir. 2007) (using arraignment to mark the start of the speedy trial clock where it came after the indictment). Thus, the Court reviews the facts of this case that are relevant to the speedy trial calculation.

The prosecution filed a motion for discovery on September 24, 2007, and defendant filed a variety of pretrial motions on October 9. Those motions were heard before United States Magistrate Judge Janie S. Mayeron on December 3, 2007. The time between the filing of these motions and the December 3 hearing was excluded from defendant's speedy trial calculation under 18 U.S.C. § 3161(h)(1)(F), which excludes any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."[1] The Magistrate Judge then took these motions under advisement, before issuing a written ruling on January 11, 2008. The time between December 3, 2007 and January 2, 2008 is excluded under 18 U.S.C. § 3161(h)(1)(J), which covers any "delay reasonably

---

[1] Defendant argues that it would be unfair to consider the speedy trial clock tolled on September 24, because the prosecution's motion "was a boilerplate motion that was not required under the rules." As the defendant concedes, however, even if the time between September 24 and October 9 was included in the speedy trial calculation, there still would not be a speedy trial violation unless this Court were to reconsider its order of January 28, 2008. As explained below, the Court declines to do so. Thus, the Court need not address this argument.

attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement."

In addition, on October 10, 2007, the Magistrate Judge issued an order continuing defendant's trial date, which defendant did not oppose. The Magistrate Judge concluded that a continuance from January 7, 2008 – the earlier trial date – to February 4 served the ends of justice, and should therefore be excluded from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h)(8)(A).

Finally, on January 28, 2008, the Court granted the prosecution's motion for an additional continuance. The indictment in this case named 22 co-defendants, and the Court noted that a continuance would allow time for the parties wishing to settle to do so before trial. The Court concluded that this continuance served the ends of justice and that a failure to grant it would unreasonably deny the parties the right to a fair and just hearing. *See* 18 § 3161(h)(8)(A). The Court ordered the trial date continued from February 4, 2008, to April 28, 2008, and ordered the time between those dates excluded from the speedy trial calculation.

Defendant concedes that if the Court excludes days from the speedy trial calculation in the manner outlined above, there is no violation of the Speedy Trial Act. Defendant argues, however, that the Court's January 28 continuance order was improper, and that the days between February 4 and April 28 should not be excluded. Defendant bases this argument on the fact that his counsel is now prepared for trial, on the minimal evidence of his guilt, and on the length between his arraignment and his pending trial

date. Defendant presents these same reasons in support of both his motion to sever[2] and his motion to reconsider this Court's continuance.

The Court declines to reconsider its prior order continuing defendant's trial date. Any delay arising from the granting of a motion for a continuance is excludable from the speedy trial calculation, provided that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(3)(8)(A). Among the factors to consider in making this determination is "[w]hether the case is so unusual or so complex, due to the number of defendants [or] the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." U.S.C. § 3161(h)(3)(8)(B)(ii). Here, as noted above, defendant was indicted alongside 21 co-defendants, who are alleged to have engaged in a broad narcotics and gun operation. Plea negotiations have followed, and at least five defendants have agreed to plead guilty. The prosecution indicates that one or more of these defendants will testify at the trial of the remaining defendants, and seeks their formal pleas before trial begins. The Court continues to believe that these reasons are sufficient to warrant the continuance of defendant's trial date and the exclusion of the period from February 4 to April 28 from the speedy trial calculation. Accordingly, defendant's motion to dismiss, motion to sever, and motion to reconsider this Court's continuance order are denied.

In the alternative, defendant moves for reconsideration of the Magistrate Judge's order of detention. In order to reopen detention proceedings, this Court must find that

---

[2] Defendant's argument in support of severance appears to be that it would prevent a speedy trial violation.

"information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). Defendant, however, offers nothing beyond the unsupported contention that "in all fairness [he] should at least be able to be out on bond." That assertion is not sufficient to reopen proceedings under section 3142. *Cf. United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989) (holding that length of detention is irrelevant because "it is not material to the issue of risk of flight or dangerousness"). Accordingly, defendant's motion for reconsideration of the Magistrate Judge's detention order is denied.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Defendant's Motion to Dismiss Indictment [Docket No. 605] is **DENIED**.

2.  Defendant's Motion for Reconsideration of Order Continuing Trial Date [Docket No. 607] is **DENIED**.

3.  Defendant's Motion for Reconsideration of the Magistrate Judge's Order of Detention [Docket No. 608] is **DENIED**.

4.  Defendant's Motion for Severance [Docket No. 609] is **DENIED**.


DATED: April 2, 2008  
at Minneapolis, Minnesota.

s/ John R. Tunheim  
JOHN R. TUNHEIM  
United States District Judge