# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-189 (16) (JRT/JSM) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTIONS FOR ACQUITTAL AND NEW TRIAL** |
| JOHNNIE JOE LONGS,<br>a/k/a Johnny Blaze, | |
| Defendant. | |

---

W. Anders Folk, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Andrew S. Birrell, **BIRRELL & NEWMARK, LTD.**, 333 South Seventh Street, Suite 3020, Minneapolis, MN 55402, for defendant.

On October 7, 2008, after a five-day trial, a jury found defendant Johnnie Joe Longs guilty of conspiring with intent to distribute or possessing with intent to distribute at least fifty grams of cocaine base ("crack"), and conspiring to possess a firearm during and in furtherance of a drug trafficking offense. Following this verdict, Longs filed a motion for acquittal and a motion for new trial, and Longs filed a supplemental *pro se* brief in support of those motions. For the reasons given below, both motions are denied.

# ANALYSIS

## I.      STANDARDS OF REVIEW

Rule 29 of the Federal Rules of Criminal Procedure permits the Court to enter a judgment of acquittal if the evidence is insufficient to sustain a conviction.  The standard for determining whether evidence is insufficient is very strict, requiring acquittal only where there is "no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt."  *United States v. Gomez*, 165 F.3d 650, 654 (8th Cir. 1999).  In making this determination, the Court looks at the evidence in the light most favorable to the verdict, and accepts as established all reasonable inferences supporting the verdict.  *United States v. Cruz*, 285 F.3d 692, 697 (8th Cir. 2002).

Federal Rule of Criminal Procedure 33 permits the Court to grant a new trial "if the interest of justice so requires."  The Court has "broad discretion in ruling upon a motion for new trial," *United States v. Bennett*, 956 F.2d 1476, 1481 (8th Cir. 1992), but a motion should be granted only "sparingly and with caution."  *United States v. Dodd*, 391 F.3d 930, 934 (8th Cir. 2004).

## II.      CONSPIRACY

To prove that Longs conspired to distribute or possess with intent to distribute drugs, the prosecution was required to prove "(1) that there was a conspiracy, i.e., an agreement to distribute the drugs; (2) that the defendant knew of the conspiracy; and (3) that the defendant intentionally joined the conspiracy."  *United States v. Espino*, 317

F.3d 788, 792 (8th Cir. 2003). "Tacit understanding – as opposed to mere presence at and knowledge of an intended drug sale – will suffice; a formal agreement is unnecessary." *Id*. In addition, "[t]he existence of a conspiracy may be proved by either direct or circumstantial evidence." *Id*.

Similarly, in order to prove that Longs conspired to possess a firearm in furtherance of a drug trafficking crime, the prosecution was required to prove "(1) that there was a conspiracy, i.e., an agreement either to use or carry a firearm during and in relation to a drug trafficking crime or to possess a firearm in furtherance of a drug trafficking crime; (2) that the defendant knew of the conspiracy; and (3) that the defendant intentionally joined the conspiracy." *United States v. Saddler*, 538 F.3d 879, 889 (8th Cir. 2008).

In its efforts to prove the elements of these two crimes, the prosecution first elicited testimony from a witness who recalled purchasing crack cocaine from Longs three to four times a week from 2005 to 2007. The witness indicated that those purchases occurred at the home of an individual who has since pled guilty to drug charges; that several additional drug dealers worked out of this home; and that the home was known to be a place where one could purchase drugs. The witness also indicated that Longs and others often carried weapons to protect this drug operation. This testimony was corroborated by a second witness who described purchasing drugs from Longs at the same house, and observed Longs selling drugs to others in the same location. This witness added that other drug dealers also operated out of the home, and that drug distribution occurred there nearly every day from 2005 to 2007. This witness also

testified that weapons were frequently carried to protect this drug operation. The testimony of these witnesses was largely repeated by additional witnesses familiar with Longs' activities, who further described Longs' involvement in the sale of distribution quantities of crack cocaine. This testimony, when viewed in the light most favorable to the verdict, was plainly sufficient to satisfy all of the elements of both of the crimes of which Longs was convicted.

Longs argues that this Court should nonetheless either enter a judgment of acquittal or grant him a new trial, because "the only evidence supporting the conspiracies was in the form of unreliable testimony by untrustworthy witnesses." (Docket No. 748, at 2.) The question of whether the witnesses were reliable, however, is not a question for the Court. Longs' attorney thoroughly challenged the credibility of the prosecution's witnesses by inquiring into their plea agreements with the prosecution and, in some cases, noting their inconsistent statements to law enforcement. Ultimately, the determination of whether those challenges were effective was one for the jury. *See United States v. Martinez*, 958 F.2d 217, 218 (8th Cir. 1992) ("It is the sole province of the jury to weigh the credibility of a witness."). The jury found that the witnesses were sufficiently reliable to support a conviction on Longs' two conspiracy charges, and this Court finds no basis in law for setting aside that conclusion. Accordingly, Longs' motions for relief under Rule 29 and Rule 33 are both denied.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Longs' Motion for Acquittal [Docket No. 746] and Motion for New Trial [Docket No. 757] are both **DENIED**.


DATED:  July 17, 2009                          _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                    United States District Judge