UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-189 (16) (JRT/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| JOHNNIE JOE LONGS, | |
| Defendant. | |

Amber M. Brennan and Michael L. Cheever, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN  55415, for plaintiff.

Johnnie Joe Longs, No. 13505-041, Federal Correctional Institution – Sandstone, Post Office Box 1000, Sandstone, MN  55072, *pro se*.

On July 25, 2012, the Court denied federal prisoner Johnnie Joe Longs' petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Longs now brings a motion pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from that judgment on the basis that the Court violated his right to due process when it failed to consider the arguments raised in his reply brief in denying his § 2255 petition.  Longs also brings various other motions related to his Rule 60(b) motion.  Because the Court fully considered the arguments made in Longs' reply brief in denying his § 2255 petition, it will deny Longs' Rule 60(b) motion.  With the exception of a motion seeking extension of time to file a responsive brief related to the Rule 60(b) motion, which the Court will grant due to the Government's delay in serving Longs, the Court will deny Longs'

miscellaneous motions because the relief he seeks in those motions is largely premised on the same underlying arguments that the Court will reject in denying his Rule 60(b) motion.

## BACKGROUND

On October 7, 2008, a jury convicted Defendant Johnnie Joe Longs of conspiracy to distribute crack cocaine (Count I) and conspiracy to possess a firearm in furtherance of the crack cocaine conspiracy (Count II). (Jury Verdict, Oct. 7, 2008, Docket No. 745.) On July 20, 2009, the Court sentenced Longs to 240 months of imprisonment on each count, with the sentences to run concurrently. (Minute Entry, July 20, 2009, Docket No. 920; Sentencing J. at 1-2, July 21, 2009, Docket No. 921.) The Eighth Circuit affirmed Longs' conviction, *United States v. Longs*, 613 F.3d 1174 (8th Cir. 2010), and the United States Supreme Court denied Longs' petition for a writ of certiorari on November 29, 2010, *Longs v. United States*, 131 S. Ct. 682 (2010).

## I.     2255 PETITION

On November 21, 2011, Longs brought a *pro se* petition to vacate his sentence under 28 U.S.C. § 2255, arguing that his sentence was invalid because (1) the testimony of his co-conspirators at trial was inadmissible hearsay under Federal Rule of Evidence 801; (2) the Court erred in admitting evidence that should have been excluded under Federal Rule of Evidence 404(b); and (3) the evidence was legally insufficient to sustain

his convictions. (Pro Se Mot. to Vacate at 4-7, Nov. 21, 2011, Docket No. 1106.)[1] Longs indicated that he had not raised the first two arguments on direct appeal due to ineffective assistance of counsel. (*Id.* at 4, 6.) Longs later filed a motion to amend his § 2255 petition, raising the same evidentiary issues under Rules 801 and 404(b), but arguing that those errors were the result of ineffective assistance of trial and appellate counsel. (Pro Se Mot. to Amend at 5-6, Dec. 27, 2011, Docket No. 1115.)

The Court ordered the Government to respond to Longs' § 2255 motion by January 31, 2012. (Order, Jan. 12, 2012, Docket No. 1119.) The Government filed its response on March 8, 2012, and at the same time filed a motion for leave to file its response out of time. (Response to Pet'r's Mot. to Vacate, Set Aside or Correct Sentence, Mar. 8, 2012, Docket No. 1139; Mot. for Leave to File Response Out of Time, Mar. 8, 2012, Docket No. 1140.) The Court granted the motion and accepted the response. (Order, Mar. 9, 2012, Docket No. 1143.)

Thereafter, Longs brought motions requesting permission to file a reply to the Government's response. (Pro Se Request for Permission, Mar. 29, 2012, Docket No. 1154; Pro Se Mot. for Enlargement of Time, Mar. 29, 2012, Docket No. 1155.) The Court granted the motions, and ordered that any such reply must be received by May 1, 2012. (Order, Apr. 19, 2012, Docket No. 1159.) On April 27, 2012, Longs filed a memorandum replying to the Government's response. (Pro Se Pet'r's Mem. Reply ("Reply"), Apr. 27, 2012, Docket No. 1161.) In the reply Longs argued in more detail

---

[1] Page numbers refer to the CMECF pagination unless otherwise noted.

that his trial counsel was ineffective in failing to seek the exclusion of the testimony of several of his co-conspirators on the basis that the testimony was hearsay because the statements were not made in furtherance of the conspiracy. (Reply at 4-9.) Longs also expanded upon his argument that counsel was ineffective in failing to object to the admission of Rule 404(b) evidence specifically "uncharged misconduct involv[ing] alleged drug activity at three (3) houses belonging to Debra Lomax who was also involved in the First Superseding indictment." (*Id.* at 9-11, 14-15.) Finally, Longs argued that his counsel was ineffective in failing to raise sufficiency of the evidence as a basis for judgment of acquittal and failing to raise the evidentiary issues on appeal to the Eighth Circuit. (*Id.* at 12-13.)

## II.   ORDER DENYING 2255 PETITION

On July 25, 2012, the Court denied Longs' *pro se* petition to vacate his sentence under § 2255. (Order, July 25, 2012, Docket No. 1177.) The Court first concluded that because the Eighth Circuit had already ruled on Longs' challenge to the sufficiency of the evidence, Longs could not relitigate that issue in a § 2255 proceeding. (*Id.* at 5-6.) With respect to Longs' ineffective assistance of counsel claims based on evidentiary errors, the Court concluded that the claims were not procedurally barred and proceeded to consider them on the merits. (*Id.* at 6-7.)

The Court first considered Longs' argument that the testimony at trial of seven co-conspirators was inadmissible under Rule 801(d)(2)(E) which excludes from hearsay statements "made by the party's co-conspirator during and in furtherance of the

conspiracy" because the testimony did not relate to statements made in furtherance of the conspiracy. (*Id.* at 8 (quoting Fed. R. Evid. 801(d)(2)(E)).) The Court concluded that the testimony, "which consisted of first-hand accounts of Longs' drug dealing and firearm possession activities that occurred during the conspiracy, was not hearsay" and therefore was not required to meet a hearsay exception such as that found in Rule 801(d)(2)(E). (*Id.*) Because the testimony was admissible, the Court found that Longs' trial counsel had not been ineffective in failing to object to the testimony on hearsay grounds. (*Id.* at 8-9.)

The Court then considered Longs' argument that his trial counsel had been ineffective in failing to object to inadmissible Rule 404(b) evidence, specifically evidence of "uncharged drug activity at three houses rented by Deborah Lomax, a co-conspirator of Longs." (*Id.* at 9.) The Court concluded that Rule 404(b) was inapplicable to the evidence identified by Longs because "[t]he co-conspirators testified about integral parts of the charged conspiracy and not about past crimes." (*Id.* at 10.) The Court also rejected Longs' other arguments regarding ineffective assistance of counsel finding that Longs' contentions primarily related to "strategic choices made by counsel [which] are subject to a 'strong presumption' of competence." (*Id.* at 11 (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).)

Longs appealed the Court's denial of his § 2255 motion and requested a certificate of appealability. (Pro Se Notice of Appeal, Aug. 27, 2012, Docket No. 1189.) The Eighth Circuit denied his application for a certificate of appealability and dismissed the appeal. (J. of USCA, Nov. 16, 2012, Docket No. 1201.)

## III.    PRESENT MOTIONS

Longs now brings a motion pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from the Court's order denying his § 2255 petition. (*See* Pro Se Mot. to Grant Relief from J., Sept. 19, 2013, Docket No. 1311.)  The basis of Longs' motion is that the Court violated his right to due process when it failed to consider the arguments raised in his reply brief in denying his § 2255 motion. (*Id.* at 3.)  Longs also brings a motion seeking various relief related to this Rule 60(b) motion. (Pro Se Mandatory Judicial Notice ("December 16 Motion"), Dec. 16, 2013, Docket No. 1333.)  The Court ordered the Government to respond to these motions by January 17, 2014. (Order, Jan. 3, 2014, Docket No. 1338.)  The Government moved for an extension of time to file a response, which the Court granted. (Mot. for Extension of Time, Jan. 17, 2014, Docket No. 1348; Order, Jan. 21, 2014, Docket No. 1352.)  The Government filed its response on January 21, 2014.  (Response to Def.'s Mot. for Relief from J., Jan. 21, 2014, Docket No. 1354.)  Longs then filed three motions related to this response and his original Rule 60(b) motion. (Pro Se Mot. to Stay the Proceedings ("First Stay Motion"), Mar. 6, 2014, Docket No. 1375; Pro Se Mot. to Stay the Proceedings ("Second Stay Motion"), Mar. 10, 2014, Docket No. 1377; Pro Se Judicial Notice ("March 24 Motion"), Mar. 24, 2014, Docket No. 1384.)

## ANALYSIS

I.  **MOTIONS TO STAY**

As an initial matter, the Court will address Longs' motions to stay the proceedings. After the Government filed its response to Longs' Rule 60(b) motion, Longs filed two motions to stay the proceedings. (First Stay Motion; Second Stay Motion.) In the first motion Longs argued that a stay was warranted because he had not yet been served with the Government's response to his Rule 60(b) motion due January 21, 2014. (First Stay Motion at 1-2.) Because Longs has since received a copy of the Government's response (*see* Pro Se Letter to Office of the Clerk, Mar. 24, 2014, Docket No. 1385), the Court will deny this motion to stay as moot.

In his second motion to stay the proceedings, Longs argued that a stay was warranted because the Government did not serve Longs with its January 21, 2014 response to the Rule 60(b) motion until March 3, 2014. (Second Stay Motion at 2.) In the motion Longs specifically requested that:

> As a result of the untimely submission of the Government[']s responsive brief, Longs is requesting that he be allowed the benefit of the Federal Rules of Civil Procedure from the date he received a copy of the Government's responsive brief . . . and that he be granted a leave of Court to file a motion for default of judgment with attached affidavit and any and all litigation Longs is allowed pursuant to the Federal Rules of Civil Procedure.

(*Id.* at 3.) Construing this pro se motion liberally, *see Johnson v. Arden*, 614 F.3d 785, 798 (8th Cir. 2010), the Court concludes that the motion is actually one seeking extension of time to file a reply. Longs has since filed the reply and motion for default referenced in his motion to stay the proceedings, suggesting that a stay is not warranted. (*See*

March 24 Motion.)[2] The Court will therefore grant Longs' motion as if it were an extension of time, and will consider the reply document and motions filed on March 24, 2014, in ruling on Longs' Rule 60(b) motion.[3]

## II. RULE 60(b) MOTION

### A. Characterization of Motion

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for a list of enumerated reasons. Courts routinely bar Rule 60(b) motions filed after unsuccessful § 2255 petitions which "seek[] to add a new ground for relief," or "attack[] the federal court's previous resolution of a claim on the merits" as second or successive petitions that require permission from the court before they are filed. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *see, e.g.*, *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002); *Whitehorse v. United States*, Civ. No. 13-2922, 2013 WL 6147681, at *2 (D. Minn. Nov. 22, 2013); *United States v. Johnston*, Civ. No. 10-221,

---

[2] Longs later indicated that he wished "to withdraw the motion for a default of judgment." (March 24 Motion at 6.) Accordingly, the Court will deny the motion for default.

[3] The Court is not without empathy for Longs' frustration with the Government's persistent failure to abide by deadlines and other procedural rules in this case. Indeed, a substantial number of the motions brought by Longs which the Court has ruled on following his conviction have been related to such procedural failings. There really is no excuse for a United States Attorney's Office to apparently willfully ignore deadlines and rules regardless of how the office views the merits of a case. However, here, the Court finds that Longs has not been prejudiced by the delay in receiving the Government's response, as the Court has provided Longs with time to obtain the document and file his own response, and the Court will therefore not grant any further relief.

2013 WL 5587951, at *1 (D. Minn. Oct. 10, 2013). Upon the filing of a Rule 60(b) motion following denial of a § 2255 petition, the Court "conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under" § 2255. *Boyd*, 304 F.3d at 814. In such circumstances, a Rule 60(b) motion is proper, and may be considered on the merits, only where the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. To demonstrate a defect in the habeas proceedings a petitioner "must point to something that happened during that proceeding that rendered its outcome suspect." *United States v. Buenrostro*, 638 F.3d 720, 722-23 (9th Cir. 2011).

Here Longs challenges the Court's denial of his § 2255 petition on the basis that the Court failed to consider Longs' reply brief. (Pro Se Mot. to Grant Relief from J. at 3.) Longs argues that because the Court "barred" his reply brief from the § 2555 proceedings, he was denied "a full and fair opportunity to be heard, litigate his claims, and [was] prevented from receiving adequate redress pursuant to the due process clause of the fifth amendment to the United States Constitution." (*Id.*) Longs specifically notes that he

> is in no way attacking his conviction, sentence, or the substance of the district court's ruling. To the contrary, he is only setting forth the facts and making a substantial showing that he has been denied a constitutional right to be heard, fully litigate his claim and have adequate redress.

(*Id.* at 9.)

The Court concludes that this type of challenge is one to the integrity of the federal habeas proceedings themselves rather than an attack on the merits of the Court's decision, and is therefore properly brought as a Rule 60(b) motion. *See Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006) (finding that a claim that "the district court failed to consider one of the claims [petitioner] raised in his habeas petition" asserted "a defect in the integrity of the federal habeas proceedings" and therefore was properly brought under Rule 60(b)); *Cobble v. Kemp*, Civ. No. 92-1268, 2008 WL 4527563, at *4 (N.D. Ga. Oct. 2, 2008) (finding a Rule 60(b) motion proper where, among other arguments, "Petitioner complains that Judge Hull failed to consider the entire record presented by Petitioner" in denying a habeas petition); *cf. Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (concluding the petitioner's claim that "the district court violated his procedural rights by not allowing him further briefing" in connection with a habeas petition was properly raised in a Rule 60(b) motion).[4] Accordingly, the Court concludes that Longs' motion raises a claim that may properly be addressed under Rule 60(b), and will consider the merits of the motion.[5]

---

[4] The Government argues that Longs' Rule 60(b) motion "is solely an attempt to revisit the merits of his initial habeas petition, raising the same issues as in his initial Section 2255 and should thus be treated as a second or successive Section 2255 petition." (Response to Def.'s Mot. for Relief from J. at 6.) But the Government's reading of Longs' Rule 60(b) motion is overly broad and misconstrues the basis for the motion and the relief it seeks. Although Longs ultimately seeks reconsideration of the issues raised in his original § 2255 petition, he does so on the basis that there was a defect in the habeas proceedings themselves. Namely, that the Court failed to consider his reply brief in denying his § 2255 petition. This type of defect is properly brought pursuant to a Rule 60(b) motion.

[5] The Court notes that it is not entirely clear whether a Rule 60(b) motion is proper where it attacks proceedings related to a petition **after** a petitioner has requested and been denied a

(Footnote continued on next page.)

### B.     Standard of Review

"Relief under Rule 60(b) is limited" and the Court will grant such a motion "only upon an adequate showing of exceptional circumstances." *Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 927 (8th Cir. 1997) (internal quotation marks omitted); *see also Gonzalez*, 545 U.S. at 536 (noting that relief under Rule 60(b)(6) in the context of habeas proceedings "requires a showing of 'extraordinary circumstances'"). "Rule 60(b) is a motion grounded in equity and exists to prevent the judgment from becoming a vehicle of injustice." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (internal quotation marks omitted). Longs argues that the Court's failure to consider his reply brief entitles him to relief under Rule 60(b)(4) because "the judgment is void," and Rule 60(b)(6) which allows the Court to relieve a party from judgment for "any other reason that justifies relief." (Pro Se Mot. to Grant Relief from J. at 4.)

_____
(Footnote continued.)

certificate of appealability from the court of appeals with respect to that petition and has failed to raise the basis of his Rule 60(b) attack in its request to the court of appeals. *See United States v. Griggs*, Civ. No. 03-269, Crim. No. 00-72, 2006 WL 59176, at *2 (M.D. Pa., Jan. 10, 2006) (noting that the court was "uncertain as to whether a habeas petitioner's use of a Rule 60(b) motion addressing a dismissed habeas petition is appropriate after the court of appeals has denied the petitioner a COA on that very petition, or whether it would be considered use of a Rule 60(b) motion in a manner that conflicts with provisions of AEDPA"). Because the Government has not raised this issue as a basis for denying Longs' motion, the Court will assume, without deciding, that the present Rule 60(b) motion is proper even though it was brought after Longs' request for a certificate of appealability from the Eighth Circuit. Similarly, because the Government has not argued that Longs' Rule 60(b) motion is untimely, the Court will assume, without deciding that the Rule 60(b) motion brought fourteen months after the Court's order denying Longs' § 2255 petition was made "within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1) (noting that "[a] motion under Rule 60(b) must be made within a reasonable time").

### C.     Entitlement to Relief

The Court finds that Longs has failed to demonstrate entitlement to relief under either provision of Rule 60(b) because, even assuming that failure to consider a reply brief could give rise to the extraordinary circumstances necessary to grant Rule 60(b) relief, the Court **did** consider his reply brief in denying his § 2255 petition.  In his reply brief Longs raised three primary arguments.  First, that his trial counsel was ineffective in failing to seek the exclusion of the testimony of several of his co-conspirators on the basis that the testimony was hearsay because the statements were not made in furtherance of the conspiracy.  (Reply at 4-9.)  Second, that his counsel was ineffective in failing to object, under Rule 404(b), to the admission of alleged drug activity at three houses belonging to Deborah Lomax.  (*Id.* at 9-11, 14-15.)  Finally, that his counsel was ineffective in failing to raise sufficiency of the evidence in a motion for judgment of acquittal and failing to raise the evidentiary issues on appeal to the Eighth Circuit.  (*Id.* at 12-13.)  The Court explicitly addressed each of these arguments in its order denying Longs' § 2255 petition.  (Order, July 25, 2012, Docket No. 1177.)

Longs argues that two aspects of the Court's order denying his § 2255 petition demonstrate that the Court did not consider his reply.  First, because the order "made no mention of Longs['] properly and timely filed memorandum reply brief, by title or docket number," and second because the order "stated that Longs failed to cite any specific statements that he deemed to be inadmissible pursuant to Fed. R. Evid. 801(d)(2)(E)" which specific statements Longs contends are contained within his reply brief.  (Pro Se

Mot. to Grant Relief from J. at 5.) But neither of these arguments demonstrates that the Court failed to consider the Longs' reply brief in denying his § 2255 petition.

First, that the Court failed to specifically mention the reply brief by title or docket number does not conclusively demonstrate, as Longs appears to suggest, that the Court failed to consider the substance of Longs' reply brief. Indeed, the Court's order specifically referenced arguments that were contained only in Longs' reply brief. For example the Court discussed evidence of "uncharged drug activity at three houses rented by Deborah Lomax, a co-conspirator of Longs." (Order at 9.) The only mention of uncharged drug activity at the three houses rented by Deborah Lomax appears in Longs' reply, (Reply at 10), and is not found in either his original or amended § 2255 petitions, confirming that the Court considered the contents of Longs' reply.

Longs' second argument similarly fails because his reply does not contain any specific statements that he deemed inadmissible hearsay, and therefore the Court's statement that Longs failed to identify specific statements is not evidence that the Court failed to consider Longs' reply. Longs argues that his reply "identified all the coconspirators by name that made the [challenged] statements" and that he referred to "testimony or statements made during post indictment proffers and before the grand jury" as being inadmissible. (Pro Se Mot. to Grant Relief from J. at 5.) However, as the Court previously concluded, these general allegations failed to identify any **specific testimony offered at trial** by any of these co-conspirators that was inadmissible hearsay. Instead, the testimony from the co-conspirators at trial offered first-hand accounts of Longs' drug dealing and firearm possession activities. (Order at 8.) Longs identified no statements

that these co-conspirators testified to at trial that constituted inadmissible hearsay. At most, Longs' reply seems to argue that any statements by his co-conspirators given to law enforcement were insufficient to establish his connection with the conspiracy. (Reply at 7-8.) Accordingly, the Court's previous conclusion that Longs failed to offer specific statements that he alleged should have been the subject of hearsay objections by his trial counsel is consistent with the arguments made by Longs in his original § 2255 petition, amended § 2255 petition, and reply brief. Because the Court considered Longs' reply in denying his § 2255 petition, it will deny Longs' motion for Rule 60(b) relief.[6]

---

[6] In the March 24 Motion, Longs argues that the Court should take judicial notice of certain facts identified in an affidavit he submitted. (March 24 Motion at 2.) Relatedly, Longs argues that the Court must grant his Rule 60(b) motion because the Government failed to rebut his affidavit which provides prima facie evidence that he is entitled to relief – as it contains his sworn statements that his reply brief was excluded from the § 2255 proceedings and he was denied due process. (March 24 Motion at 3-4.) The affidavit Longs references is an "Affidavit of Truth" he filed as an attachment to his Rule 60(b) motion. (Pro Se Mot. to Grant Relief from J., Ex. A ("Affidavit").) In the Affidavit Longs avers, among other things, that his reply memorandum "was barred from the 2255 proceedings" and that "[t]he 2255 proceedings ha[ve] been fundamentally unfair to Longs; depriving him of constitutional and substantive rights to be heard, fully litigate his claims, and prevent[ing] him from receiving adequate redress." (Affidavit ¶¶ 7, 9.) The Court will deny Longs' motion to take judicial notice because judicial notice is only appropriate for facts, and the portions of the affidavit identified by Longs are legal conclusions. *See* Fed. R. Evid. 201; *see also MacGregor v. Mallinckrodt, Inc.*, 373 F.3d 923, 933 (8th Cir. 2004) (noting that "[t]his court may take judicial notice of a **fact** not in the record" (emphasis added)). The Court also concludes it is not bound by Longs' sworn statements that he is entitled to relief. First, contrary to Longs' contention, the Government did rebut the statements in the Affidavit because it argued that the Court properly considered Longs' reply memorandum in its order denying his § 2255 petition. (Response to Def.'s Mot. for Relief from J. at 6 ("There is simply no merit to Defendant's contention that the Court did not consider his reply memorandum.").) Second, the provisions of the Affidavit that Longs relies upon to establish his entitlement to Rule 60(b) relief do not state any facts but rather state his own legal conclusions regarding the scope and fairness of the habeas proceeding. The Court is not bound by Longs' legal conclusions, even if stated in an affidavit. *See Bickel v. Sheriff of Whitley Cnty.*, Civ. No. 08-102, 2009 WL 3756524, at *2 (N.D. Ind. Nov. 6, 2009) (noting that the court was free to disregard a "legal conclusion" in an affidavit if that conclusion "is not supported by either the facts or sound legal precedent"); *Bay State Sav. Bank v. Baystate Fin. Servs., LLC*, Civ.

(Footnote continued on next page.)

## III.    DECEMBER 16 MOTION

In connection with his Rule 60(b) motion, Longs also filed the December 16 Motion, which is entitled "Mandatory judicial notice, offer of proof, motion to expand the record, and request for an evidentiary hearing." (December 16 Motion.)[7] Albeit in slightly greater detail, this motion reiterates Longs' arguments regarding hearsay of his co-conspirators, Rule 404(b) issues, and insufficiency of the evidence, which the Court has previously rejected.[8] Because the motion was brought "to support claims made in

_____
(Footnote continued.)

No. 03-40273, 2007 WL 6064455, at *4 (D. Mass. Mar. 23, 2007) (striking portions of an affidavit which "set forth legal conclusions"); *United States v. Johns-Manville Corp.*, 245 F. Supp. 74, 85 (E.D. Pa. 1965) (granting a motion to strike "broad, conclusionary legal language" in an affidavit). Finally, the Court will deny Longs' motion to strike the Government's responsive brief "as insufficient to overcome Longs['] unrebutted affidavit" (March 24 Motion at 6) because Longs' affidavit contains improper legal conclusions and because, even if the Government had failed to rebut an affidavit, a brief's failure to advance a prevailing argument is not a basis for striking that brief.

[7] As an initial matter, Longs objects to the Government's characterization of this motion as a supplement to his Rule 60(b) motion. (March 24 Motion at 4.) Longs contends that by referring to the December 16 Motion as a supplement, the Government attempted "to undermine the integrity of the proceeding and the legitimacy of his Rule 60(b) motion." (March 24 Motion at 4-5.) Longs "vehemently objects to the re-naming of his motions" as such re-naming "violates the intent of the motions and alters the way the facts will be adjudicated." (*Id.* at 5.) Longs asserts that the motions are not supplemental, but rather were filed "as a desperate measure to put on the record the irrefutable evidence that proves what Longs had claimed in his memorandum reply brief (Doc. No. 1177 [sic]) is the truth." (March 24 Motion at 4.) Because the Court's review and adjudication of the December 16 Motion was not altered by the Government's reference to the motion as supplemental and Longs has therefore suffered no prejudice, the Court will deny Longs March 24 Motion to the extent it seeks relief based on such a reference.

[8] To the extent that any of the additional details in the December 16 Motion could be interpreted as asserting new claims of previously undiscussed errors at trial, those issues are not properly considered in a Rule 60(b) motion, and Longs must obtain authorization from the Eighth Circuit to file a second or successive petition before seeking relief in this Court. *See Boyd*, 304 F.3d at 814.

Longs['] timely filed rule 60(b) motion" and relies upon the argument that "Longs['] memorandum/brief . . . was excluded from the record of the 2255 proceedings by the district court," (December 16 Motion at 1) the Court will deny the motion for the same reasons that it denied the Rule 60(b) motion.  Specifically, because the Court has concluded that it properly considered Longs' reply in denying his § 2255 petition, Longs is not entitled to any of the relief he seeks in the December 16 Motion.  Indeed, Longs concedes that the December 16 Motion which seeks, among other things, to add additional evidence to the record related to his § 2255 petition "can only have relevancy . . . if Longs['] Rule 60(b) motion is granted and the 2255 proceeding is reopened."  (March 24 Motion at 5.)  Accordingly, the Court will deny the December 16 Motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Motion to Grant Relief from the Judgment [Docket No. 1311] is **DENIED**.

2. Defendant's Pro Se Mandatory Judicial Notice, Offer of Proof, Motion to Expand the Record, and Request for an Evidentiary Hearing [Docket No. 1333] is **DENIED**.

3. Defendant's Pro Se Motion to Stay the Proceedings [Docket No. 1375] is **DENIED as moot**.

4. Defendant's Pro Se Motion to Stay the Proceedings and Leave of Court to File Various Motions [Docket No. 1377] is **GRANTED** only as to an extension of time to file a reply.

5. Defendant's Pro Se Judicial Notice, Objection, Motion to Strike, and Motion for Default Judgment [Docket No. 1384] is **DENIED**.

6. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in Longs' motions.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  July 11, 2014                   ___s/ John R. Tunheim___
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                            United States District Judge