# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-189 (16) (JRT/JSM) |
| Plaintiff, | |
| v. | **ORDER** |
| JOHNNIE JOE LONGS, | |
| Defendant. | |

Amber M. Brennan and Michael L. Cheever, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Johnnie Joe Longs, No. 13505-041, Federal Correctional Institution – Sandstone, Post Office Box 1000, Sandstone, MN   55072, *pro se*.

On October 7, 2008, a jury found Johnnie Joe Longs ("Longs") guilty of conspiracy to distribute crack cocaine and conspiracy to possess a firearm in furtherance of the crack cocaine conspiracy.  The Court sentenced Longs to 240 months of imprisonment, and the Eighth Circuit affirmed the convictions.  After the United States Supreme Court denied certiorari on November 29, 2010, Longs brought a pro se petition to vacate his sentence under 28 U.S.C. § 2255.  This Court denied the petition, and Longs appealed.  The Eighth Circuit denied Longs' application for a certificate of appealability and dismissed the appeal.  Longs then filed several motions with the Court, including a motion for reconsideration of the Court's order denying Longs' § 2255 petition, all of

which were denied. Longs appealed again and the Eighth Circuit denied Longs' application for a certificate of appealability.

This matter is now before the Court on Longs' motions for discovery and for limited and particularized disclosure of grand jury materials, filed in anticipation of a forthcoming actual innocence claim. Longs has no petition or claims currently pending before this Court, however. On December 12, 2014, the Eighth Circuit entered judgment against Longs on his application for a certificate of appealability of this Court's Order denying his motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Neither Longs' criminal case nor his § 2255 petition have been reopened. Thus, Longs' motions for discovery and disclosure of grand jury materials are untimely. *See Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (per curiam) ("[A]ccess to materials such as a transcript is not constitutionally required until after judicial certification that access is required to decide issues presented in a pending, non-frivolous case.").

Even if Longs' requests for discovery and grand jury materials established that he would be entitled to those materials under rules governing discovery in habeas proceedings,[1] Longs does not have a pending habeas petition or criminal case, and his

---

[1] To obtain the discovery he seeks, Longs would need to demonstrate good cause to allow discovery or a particularized need for disclosure of grand jury testimony. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (concluding that "the 'broad discovery provisions' of the Federal Rules of Civil Procedure [do] not apply in habeas proceedings," and a habeas petitioner instead is entitled to discovery only under Federal Rule of Criminal Procedure 6(a) if "the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise" (quoting Fed. R. Civ. P. 6(a))); *United States v. Benson*, 760 F.2d 862, 864 (8th Cir. 1985) ("[A] long-established policy in the federal courts maintains the secrecy of [grand jury] proceedings," which requires that "[p]arties seeking disclosure must show a particularized need" to obtain the

(Footnote continued on next page.)

requests are therefore premature.[2]  Because Longs' motions are not made in connection with an active matter before this Court, the Court will deny Longs' motions.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Longs' Pro Se Motion for Limited and Particularized Disclosure of Grand Jury Materials [Docket No. 1472] and Motion for Discovery [Docket No. 1473] are **DENIED**.

DATED:  July 7, 2015  
at Minneapolis, Minnesota.

                                                s/ John R. Tunheim  
                                                JOHN R. TUNHEIM  
                                                Chief Judge  
                                                United States District Court

_____
(Footnote continued.)

requested materials. (internal quotation marks omitted)).  Longs has sought this discovery and these grand jury materials previously from the Court, and the Court has denied his request.  (Pro Se Mot. for Disc. Material at 1, Mar. 1, 2013, Docket No. 1210 (requesting discovery and the grand jury testimony of several witnesses "for the purpose of challenging [j]urisdiction and [f]iling an actual innocence claim"); Order, Aug. 9, 2013, Docket No. 1306 (denying Longs' discovery and grand jury testimony requests).)  The Court need not reach the issue of whether Longs makes such a showing in the motions currently before the Court, as the motions are premature.

[2] Further, because Longs has already brought one § 2255 motion, he may not bring another in the district court unless he receives authorization to do so from the Eighth Circuit Court of Appeals.  28 U.S.C. § 2255(h).  Such authorization is granted only in limited circumstances.  *See id.*